IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| WILMER TREMBLE, | ) ) | CASE NO. 13-80281-G3-13 |
| Debtor, | ) ) ) | |

ENTERED
07/16/2013

### MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from Automatic Stay to Permit Eviction to Continue and Request for In Rem Relief" (Docket No. 4) filed by Federal Home Loan Mortgage Corporation. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Wilmer Tremble ("Debtor") filed the voluntary petition in the instant Chapter 13 case on July 9, 2013. The instant case is Debtor's fourth Chapter 13 case filed since 2009. Debtor's first Chapter 13 case, Case No. 09-39195-H3-13, was filed on December 1, 2009, and was dismissed on February 26, 2010. Debtor's second Chapter 13 case, Case No. 10-33931-H3-13, was filed on May 7, 2010, and was dismissed on August 6, 2010.

On April 6, 2010, during the time interval between dismissal of Debtor's first Chapter 13 case and the filing of Debtor's second Chapter 13 case, a substitute trustee conducted a foreclosure sale of Debtor's interest in real property located at 3615 Sheldon Drive, Pearland, Texas.  The sale resulted in the substitute trustee's execution of a deed conveying the property to Federal Home Loan Mortgage Corporation ("Movant").  The deed was recorded in the real property records of Brazoria County, Texas, on April 12, 2010.  (Movant's Exhibit A).

Debtor's third Chapter 13 case, 13-80141-G3-13, was filed on April 9, 2013.  It remained pending on July 9, 2013 when the instant case was filed.

During Debtor's third case, Movant moved for relief from the automatic stay.  An order was entered granting that motion on June 11, 2013.  The order provided in pertinent part:

> [T]he stay is terminated as to the interests of Debtor and any party having notice of the hearing held on June 10, 2013, as to the property located at 3615 Sheldon Drive, Pearland, Texas.

(Docket No. 27, Case No. 13-80141-G3-13).

Debtor's third case was dismissed on the date of the hearing on the instant motion, July 12, 2013.

The instant case was commenced on July 9, 2013, while Debtor's third case was still pending.

2

In the instant motion, Movant seeks relief from stay for cause, and also seeks relief <u>in</u> <u>rem</u> with respect to the property.  Movant asserts:

> Movant believes that it is highly likely that the Debtor or some party claiming an interest in the Subject Property will continue to file bankruptcy petitions to interfere with Movant's right to take possession of the Subject Property.

(Docket No. 4).

At the hearing on the instant motion, the evidence presented by Movant consisted of the substitute trustee's deed recorded on April 12, 2010, and a request that the court take judicial notice of Debtor's previous cases.  Debtor's evidence consisted of his testimony that he believes there were errors made with respect to the foreclosure sale, and that he commenced a lawsuit in state court in March, 2013.[1]

Neither side presented evidence regarding the progress of the state court suit, or any of the papers from that suit. Neither side presented any evidence of anyone other than Debtor and his spouse claiming an interest in the property.

---

[1] The court takes judicial notice that Debtor filed a notice of removal in the third case, creating Adversary No. 13-8005. Attached to the notice of removal were what purport to be the documents from a suit commenced in the 239th Judicial District Court of Brazoria County, Texas on March 12, 2013.  The docket sheet of that suit indicates that the defendant is "Federal Home Mortgage Corp." and that that entity was served on April 3, 2013. On July 11, 2013, Movant filed an answer in Adversary No. 13-8005.  The court has not yet determined the disposition of Adversary No. 13-8005, in light of the dismissal of the Chapter 13 case to which it was attached, Case No. 13-80141-G3-13.

<u>Conclusions of Law</u>

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. §§ 362(d)(1).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
> > (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> >
> > (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  <u>In re Reitnauer</u>, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); <u>In re Mendoza</u>, 111 F.3d 1264 (5th Cir. 1997).

Debtor filed the instant case, his fourth case in four years, while his previous case was pending, and only four weeks after the court had lifted the stay in the previous case.  Debtor did not explain why the instant case was filed while the previous

4

case remained pending, and made no offer of adequate protection. The court concludes that Debtor failed to meet his burden of proof on the question of cause.

With respect to Movant's request for in rem relief, there is no evidence to support Movant's theory that "some party claiming an interest" in the property, who is not before this court, will file a bankruptcy. The court declines to grant relief as to parties who are not before the court, in the absence of a very strong evidentiary showing.

Based on the foregoing, a separate Judgment will be entered terminating the stay.

Signed at Houston, Texas on July 16, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE